```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

RAFAEL ZAYAS,                      :
          Petitioner,              :
                                   :    Crim. No. 3:98CR179 (AHN)
v.                                 :    Civ. No. 3:02CV609 (AHN)
                                   :
UNITED STATES OF AMERICA,          :
          Respondent.              :
```

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS<br>PURSUANT TO 28 U.S.C. § 2255**

Petitioner Rafael Zayas ("Zayas") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255, requesting that his December 30, 1998, conviction be vacated, set aside, and/or corrected. Zayas pleaded guilty to conspiracy to possess with intent to distribute and distribution of cocaine and crack cocaine, in violation of Title 21 U.S.C. §§ 846 & 841(a)(1).  He was sentenced to 199 months imprisonment and 5 years supervised release.  He now challenges his sentence on the basis of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), sentencing errors, and ineffective assistance of counsel.  As set forth below, his petition [dkt. # 596] is denied.

<u>BACKGROUND</u>

Zayas was a member of a narcotics trafficking organization that supplied cocaine and crack cocaine to distributors in Bridgeport, Connecticut.  On October 8, 1998, Zayas was indicted in connection with those activities.  On December 30, 1998, he

pleaded guilty to one count of conspiracy to possess with intent to distribute and distribution of an unspecified quantity of cocaine and crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) & 846.  The plea agreement stated that the "offense carries a maximum penalty of lifetime imprisonment and a $4,000,000 fine and a mandatory minimum penalty of ten (10) years imprisonment . . . [and] a term of supervised release of at least five (5) years and as much as life."  At sentencing, held on April, 7, 2000, the court found that Zayas's offense involved between 500 and 1,500 grams of crack cocaine, that he possessed a firearm, and that he acted as a manager/supervisor in connection with his offense.  The court sentenced Zayas to 199 months imprisonment and 5 years supervised release.

On September 6, 2001, the Second Circuit affirmed Zayas's sentence.  See United States v. Zayas, 18 Fed.Appx. 46 (2d Cir. 2001).  Because he did not file a petition for certiorari, his conviction became final 90 days later on December 5, 2001.  See Clay v. United States, 537 U.S. 522, 525 & 527 (2003) (conviction becomes final, inter alia, when time for filing certiorari petition expires); Sup. Ct. R. 13(1) (certiorari petition must be filed within 90 days after entry of judgment).

## DISCUSSION

Zayas now seeks collateral relief pursuant to § 2255 on the ground that: (1) his sentence violates the rule in Apprendi;

(2) the court did not make a factual finding regarding the quantity of narcotics attributable to him; and (3) he received ineffective assistance of counsel at sentencing.  The government submits that Zayas's petition should be denied.  The court agrees.

I.  <u>Apprendi</u>

Zayas claims that his sentence violates <u>Apprendi</u> because neither the indictment nor the plea agreement stipulated drug quantity.  Under <u>Apprendi</u>, any fact, other than a prior conviction, that increases a penalty beyond the proscribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt.[1]  <u>See</u> <u>United States v. Luciano</u>, 311 F.3d 146, 149-50 (2d Cir. 2002).  However, "[e]ven if . . . not charged in the indictment or found by the jury, . . . drug . . . quantity may be used to determine the appropriate sentence so long as the sentence imposed is not greater than the maximum penalty authorized by statute for the offense charged in the indictment and found by a jury."  <u>Id.</u> at 150 (quoting <u>United States v. Thomas</u>, 274 F.3d 655 (2d Cir. 2001)).

In this case, Zayas pleaded guilty to conspiracy to possess with intent to distribute and distribution of an unspecified

---

[1] For purposes of this ruling, the court applies <u>Apprendi</u> and its progeny as understood at the time Zayas's conviction became final, and disregards the change in sentencing law effected by <u>United States v. Booker</u>, 125 S.Ct. 738 (2005).

quantity of cocaine and crack cocaine, in violation of §§ 841(a)(1) and 846.  At sentencing, the court found, by a preponderance of the evidence, that Zayas's violation involved between 500 and 1,500 grams of crack cocaine.  Under § 841(b), such an offense carries a maximum statutory penalty of lifetime imprisonment.  See 21 U.S.C. § 841(b)(1)(A) ("In the case of a violation . . . involving . . . 50 grams or more of a mixture or substance . . . which contains cocaine base . . . such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life").  Because the 199-month sentence that Zayas received does not exceed the statutory maximum of lifetime imprisonment, no violation under Apprendi occurred.  See Thomas, 274 F.3d at 664 ("Apprendi does not apply where the sentence imposed is not greater than the prescribed statutory maximum").  See also United States v. Harris, 536 U.S. 545, 565 (2002) (holding that facts which increase the applicable mandatory minimum penalty can be treated as "sentencing factors" and do not require submission to a jury or proof beyond a reasonable doubt).  Therefore, Zayas's petition is denied on this basis.

II.  Sentencing Error

Zayas also claims that he is entitled to habeas relief because the court erred at sentencing by failing to find the amount of narcotics attributable to him.  He did not raise this

claim on direct appeal.  It is well-settled that the failure to raise a claim on direct appeal bars consideration of that claim in a habeas petition unless a petitioner can establish both "cause" for his procedural default and "prejudice" resulting therefrom.  See e.g., Campino v. United States, 968 F.2d 187, 190 (2d Cir. 1992).  Because Zayas has not alleged, much less demonstrated, both cause and prejudice with regard to this claim, his habeas petition is denied on this basis as well.

Nevertheless, Zayas's claim fails even on the merits because the record indicates that, at sentencing, the court found, based on the preponderance of the evidence, that Zayas's offense involved between 500 and 1,500 grams of crack cocaine.  See United States v. Kim, 193 F.3d 567, 575 (2d Cir. 1999) ("disputed facts relevant to sentencing need be proven only by a preponderance of the evidence"); see also United States v. Gonzalez, 407 F.3d 118, 125 (2d Cir. 2005) (stating that district court's discretion to resolve disputed facts by the preponderance of the evidence endures post-Booker) (citing United States v. Crosby, 397 F.3d 103, 112 (2d Cir. 2005)).

III. Ineffective Assistance of Counsel

Finally, Zayas claims that he did not receive effective assistance of counsel because, at sentencing, counsel failed to move for a downward departure based on his minor role in the narcotics trafficking organization.  Under Strickland v.

Washington, 466 U.S. 668, 687 (1984), a habeas petitioner claiming ineffective assistance of counsel must make a two-part showing.  First, the petitioner must demonstrate that counsel's performance was deficient -- that is, errors were made of such serious magnitude that petitioner was deprived of the counsel guaranteed by the Sixth Amendment.  See id.  Second, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result would have been different.  See id. at 694.

In this case, Zayas's ineffective assistance claim fails because it is factually flawed.  Contrary to Zayas's allegations, the sentencing transcript shows that counsel did argue that Zayas was neither a manager nor a supervisor in the organization. Counsel first addressed the issue in a letter written to the court in anticipation of sentencing, stating that Zayas had been "a heroin junkie for a long period of time, and not a trusted lieutenant."  Moreover, at the sentencing hearing, counsel argued that Zayas was nothing more than "a regular role player" in the conspiracy.  The court, however, rejected counsel's argument and reasoned, in part, that Zayas could have been "a trusted lieutenant and . . . a heroin junkie [because the two were not] . . . mutually exclusive."  See Dkt. # 552 at 31.  Because Zayas's ineffective assistance claim is belied by the record, his petition for habeas relief must be denied on this basis as well.

6

## CONCLUSION

For the foregoing reasons, Zayas's petition for a writ of habeas corpus [dkt. # 596] is DENIED.  Because Zayas fails to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.  See 28 U.S.C. § 2253(a)(2).

So ordered this ___ day of August, 2005, at Bridgeport, Connecticut.

                                                             Alan H. Nevas
                                                            United States District Judge